## CHARLES M. TALBOTT v. C. P. TALBOTT.

[Abstract Kentucky Law Reporter, Vol. 1—64.]

**Construction of Will—Residuary Clauses.**

When in a will after naming specific legacies it is provided that "Whatever is left of my estate after deducting the $6,000, given for the use of William and the devise to sue Talbott, C. P. Talbott and Fanny Lymington, and the payment of my debts, shall go to my son, Chas. H. Talbott," it is held to mean that it was intended to embrace in such residuary clause such estate as had not already been mentioned in the will, and that where one of said legatees dies before the testator, as to the property set apart for him in the will the testator died intestate.

### APPEAL FROM BOYLE CIRCUIT COURT.

June 1, 1880.

OPINION BY JUDGE COFER:

After setting apart the fund intended for the use of his son, William B., and making a devise to his granddaughter-in-law, his grandson and his wife's granddaughter, the testator declares that whatever is left of his estate after these legacies are satisfied shall go to the appellant.

From a careful reading and study of the whole will it seems to us that the testator had in his mind, when he wrote the residuary clause, only that part of his estate included in the special legacies, and that he used the word "satisfied" to convey the same meaning that would have been conveyed if he had said "Whatever is left of my estate after deducting the $6,000 given for the use of William and the devise to Sue Talbott, C. P. Talbott and Fanny Lymington, and the payment of my debts, shall go to my son, Chas. H. Talbott."

These legacies had been carved out of the estate before he came to write the residuary clause, and he no longer regarded them as a part of his estate. In one sense the legacy for the support of William was satisfied when he died without heirs of his body, but in another sense it was satisfied when the amount was set apart or deducted from the residue of the estate, and we are satisfied that the testator meant the same thing as if he had said that all his estate except the amount of these legacies should go to Charles.

If it had been his purpose to give to Charles the sum bequeathed for the use of William that purpose could and most likely would have been clearly expressed. He most likely would have said, "If

said son William shall die without heirs of his own body, then this provision shall go to my son. Charles," instead of saying, it shall "fall back to my estate." It was certainly not only an unnecessary but an awkward circumlocution to direct the legacy to fall back to his estate if it was his intention to give it to Charles. The fund was placed in the hands of Charles to be held by him as trustee for William until the latter's death.

If William left heirs of his body the fund was to be paid to them, and if the intention of the testator was that in the event William left no such heirs Charles was to take it, it would at once have occurred to the testator to say so, instead of first remanding it to his estate and then giving it to Charles by a separate clause.

The most natural and consistent interpretation of the residuary clause is that it was intended to embrace only such estate as had not already been mentioned in the will; and to construe it to embrace alike the legacy for the use of William and the land devised to Mrs. Sue Talbott, in case of her death without children, would, we think, be to strain the language beyond its natural import, which will not be done even for the purpose of preventing partial intestacy.

The law gives the surplus estate of deceased persons to those who are heirs or distributees, and while it does not favor a construction which leaves a part of the testator's estate undisposed of this can only be avoided when the court can find in the will language which in view of the whole will is sufficient to dispose of the whole estate.

This we do not find in this will, and the judgment must be *affirmed*.

*John Cowan, Van Winkle & Rodes, for appellant.*
*R. P. Jacobs, for appellee.*